UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 1:12-mc-10 |
| FLOOR SYSTEMS OF INDIANA, LTD., *an Indiana corporation,* | ) ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| STAR FINANCIAL BANK, | ) ) | |
| Garnishee Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion for an Order Directing the Issuance of a Garnishment Summons (Non-Wage) and for an Order Directing Garnishee Defendant to Answer the Interrogatories to Garnishee. (Docket # 2.) For the reasons provided below, the motion will be DENIED.

On May 3, 2012, the United States District Court for the Northern District of Illinois entered judgment for the Plaintiffs in the amount of $1,989.64, plus post-judgment interest. (Docket # 2 at ¶ 1.) The Plaintiffs then registered this judgment in this Court on June 18, 2012. (Docket # 1.)

The Plaintiffs believe that Star Financial Bank, the Garnishee Defendant here, may have deposit funds that could be used to satisfy their judgment against the Defendant. (Docket # 2 at

1

¶ 4.) As such, the Plaintiffs filed the instant motion seeking a garnishment summons against Star Financial Bank and directing Star Financial Bank to answer certain interrogatories.

The Non-Wage Garnishment Summons included in the motion, however, provides a Notice that is not in compliance with Indiana law. The Notice states that, along with federal law, Illinois law and procedure is the governing authority. But, because the judgment of the Northern District of Illinois was registered here, in the Northern District of Indiana, the law and procedure of *Indiana*, not Illinois, apply. *See Travelers Indem. Co. v. Engel*, 81 F.3d 711, 712-13 (7th Cir. 1996) (applying Illinois law to a judgment rendered in the Eastern District of Pennsylvania and registered in the Northern District of Illinois); *Pac. Reinsurance Mgmt. Corp. v. Fabe*, 929 F.2d 1215, 1219 (7th Cir. 1991) ("Once a judgment has been registered, state law determines which assets may be reached."); *United States v. Scop*, No. 86 CR 541-5, 1990 WL 19529, at *1 (N.D. Ill. Feb. 16, 1990) (noting that, once a judgment is registered under 28 U.S.C. § 1963, "[p]roceedings to enforce the new judgment would then be *governed by the procedures of the forum state* . . . ." (emphasis added)); *see generally United States ex rel. Hi-Way Elec. Co. v. Home Indem. Co.*, 549 F.2d 10, 13-15 (7th Cir. 1977).

Furthermore, the Garnishment Summons is inadequate as it directs the Garnishee Defendant to send the answers to the Plaintiffs' interrogatories to the Clerk of Court in Hammond, Indiana, rather than Fort Wayne, Indiana—the correct location.

Finally, if Plaintiffs wish to garnish a bank account, they must comply with the provisions of Ind. Code § 28-9-3-3, which sets out the procedures that a money judgment creditor attempting to garnish a deposit account must follow.

Because of these deficiencies, the Plaintiff's Motion for an Order Directing the Issuance

2

of a Garnishment Summons (Non-Wage) and for an Order Directing Garnishee Defendant to Answer the Interrogatories to Garnishee (Docket # 2) is DENIED.

Enter for this 26th day of July, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge